IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02556-PAB-KAS

ANTHONY JOHN CHENOWETH,

    Plaintiff,

v.

LIEUTENANT LANKFORD,

    Defendant.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 35]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 35 at 11-12; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on July 17, 2025. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge [Docket No. 35] is **ACCEPTED**.  It is further

ORDERED that Defendant's Motion to Dismiss Amended Complaint [Docket No. 24] is **GRANTED**.  It is further

ORDERED that plaintiff's claim against defendant Lieutenant Lankford in the amended complaint, Docket No. 9, is **dismissed with prejudice**.[2]  It is further

ORDERED that this case is closed.

DATED August 12, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

[2] The Court will dismiss the claim against defendant with prejudice because he is entitled to qualified immunity.  See Clark v. Wilson, 625 F.3d 686, 692 (10th Cir. 2010) (instructing the district court to grant defendants' motion to dismiss based on qualified immunity "with prejudice"); McCrary v. Jones, 2015 WL 873641, at *6 (W.D. Okla. Feb. 27, 2015) (dismissing claim with prejudice where defendant was entitled to qualified immunity).